UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| —————————————————————— ) | Civil Action No. |
| AMANDA COTE, individually and on behalf ) | |
| of J.G. as his Mother and Next Friend, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FRAMINGHAM SCHOOL COMMITTEE, ) | |
| ) | |
|     Defendant. ) | |
| —————————————————————— ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This action is brought by Amanda Cote individually and on behalf of her son J.G. as his Mother and Next Friend ("Plaintiff").  Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. (the "IDEA"), following a decision of a hearing officer of the Bureau of Special Education Appeals (the "BSEA") in which Plaintiff was the prevailing party.[1]

## THE PARTIES

2.    J.G. is a 7 year old boy who, at all times relevant hereto, resided with Plaintiff in Framingham, Massachusetts.

3.    Plaintiff is the mother of J.G., and currently resides in Framingham, Massachusetts.

---

[1] J.G.'s full name has been redacted pursuant to LR, D. Mass. 5.3.  In the Decision and Orders attached hereto as Exhibits A and B, J.G. is referred to as "Quin."

4.　　　The defendant Framingham School Committee (the "District" or "Defendant") is an elected government body with general charge of the Framingham Public Schools, a public school district duly organized, established, and existing under the laws of the Commonwealth of Massachusetts within the town of Framingham, Massachusetts.  At all relevant times the District was responsible for providing a Free Appropriate Public Education ("FAPE") for all school age children with disabilities that reside in Framingham, Massachusetts, pursuant to the requirements of the IDEA, 20 U.S.C. § 1400, *et seq.*, and Massachusetts Special Education Law, Mass. Gen. Laws c. 71B.

## JURISDICTION

5.　　　This Court has jurisdiction over this matter pursuant to 20 U.S.C. § 1415(i)(3)(A).

## FACTS

6.　　　J.G. began attending school at the McCarthy Elementary School ("McCarthy") during the 2014/2015 school year at the Kindergarten level.  McCarthy is a public school located in Framingham, Massachusetts.

7.　　　During J.G.'s Kindergarten year, he was found eligible for special education services, and an individualized education program (the "IEP") was developed that placed J.G. in a full inclusion classroom at McCarthy.

8.　　　J.G. has been diagnosed with Generalized Anxiety Disorder and Attention-Deficit/Hyperactivity Disorder.  Parent accepted J.G.'s IEP, which initially covered the period of October 7, 2014 – October 6, 2015.

9.      On September 30, 2015, the District convened a Team Meeting for J.G.'s annual IEP review and wrote a second IEP for the period from September 30, 2015 to September 29, 2016, which also placed him in a full inclusion program at McCarthy (the "Second IEP").

10.      On October 21, 2015 the Team proposed an amendment to the Second IEP to include two hours per week of direct Applied Behavioral Analysis services and thirty minutes per month of Board Certified Behavioral Analysis supervision.  Plaintiff accepted this Amendment on November 2, 2015.

11.      On or about November 17, 2015, without any warning, Plaintiff received a telephone call from Nancy Shor ("Ms. Shor") the Special Education Team Evaluation Coordinator for McCarthy.  During the telephone call, Ms. Shor informed Plaintiff that McCarthy could no longer handle J.G., and that McCarthy would offer J.G. home tutoring services for two hours a day rather than have him attend McCarthy.  The telephone call lasted less than two minutes.

12.      Based on the phone call from Ms. Shor, Plaintiff believed that J.G. was being disciplined and not allowed back to McCarthy, and that her only options were to (i) keep J.G. at home with no services whatsoever or (ii) have J.G. receive two hours of tutoring services per day in lieu of attending McCarthy.

13.      The District stopped taking attendance for J.G. as of November 17, 2015.

14.      On November 23, 2015, Plaintiff signed a one page "tutoring form" provided by Ms. Shor.  The "tutoring form" was misdated, not on Framingham Public School letterhead, and had only two options: either Plaintiff could accept or not accept the two hours of home tutoring for J.G.

15.     No details regarding the nature of the tutoring, the location of the tutoring, the duration of the tutoring, or the identity of the tutor, were provided to Plaintiff at that time.

16.     As of November 23, 2015, Defendant provided no other information to Plaintiff regarding J.G.'s exclusion from McCarthy or what any of her substantive rights were.

17.     As of November 23, 2015, Defendant did not inform Plaintiff she had the option to return J.G. to his full inclusion classroom, nor did Defendant inform Plaintiff that if she were to agree to tutoring, her consent was voluntary and could be revoked at any time.

18.     From November 17-29, 2015, J.G. received no services whatsoever and he did not go to school.

19.     Beginning on November 30, 2015, J.G. began to receive two hours of "home tutoring" from an unlicensed behavior interventionist.

20.     On or about December 4, 2015, Plaintiff retained Metro West Legal Services ("MWLS") to provide legal representation with respect to J.G.  On December 9, 2015, the District convened a Team Meeting to address J.G.'s situation (the "December 9 Team Meeting").

21.     At the December 9 Team Meeting, Plaintiff demanded that J.G. return to McCarthy and/or another elementary school in the Framingham.  The District denied this request and insisted that J.G. continue with home tutoring.

22.     As of December 9, 2015 (and including the December 9 Team Meeting), Defendant did not inform Plaintiff she had the option to return J.G. to his full inclusion

classroom, nor did Defendant inform Plaintiff that if she were to agree to tutoring, her consent was voluntary and could be revoked at any time.

23.     On January 5, 2016, Plaintiff wrote to Framingham through counsel and stated that the "tutoring form" signed by Parent was not sufficient to override stay put.

24.     On January 7, 2016, Plaintiff formally invoked her right to stay put, through undersigned counsel.

25.     On January 8, 2016, Defendant, through its counsel, denied J.G. entry back to McCarthy, stating "appropriate services are not available for the Student at McCarthy so he should not return there.  Framingham continues to offer the tutoring…."

26.     The IDEA, 20 U.S.C. § 1415 and Mass. Gen. Laws c. 71B impose an obligation on the Massachusetts Department of Education (the "DOE") to conduct impartial due process hearings to hear complaints with respect to any matter relating to the identification, evaluation or educational placement of a child, or the provision of FAPE to a child.  The DOE fulfills this obligation through the BSEA.

27.     On January 11, 2016 the District filed a Hearing Request, ("January 11, 2016 Hearing Request") seeking findings that an inclusion classroom was not appropriate for J.G. and that he required placement in an out of district therapeutic program, as well as an Order that he be placed in one of three programs that had accepted him.  The District requested expedited status, but its request for expedited status was denied, and a Hearing was scheduled for February 1, 2016.

28.     At the time of the January 11, 2016 Hearing Request, the subject child was not attending school, and the District was refusing to allow him back into school.

29.     On January 13, 2016, Plaintiff filed her response to the January 11, 2016 Hearing Request, and argued that (i) an out of district placement was premature at that point, (ii) the programs located by the District to which J.G. had been accepted were too far for a student his age to travel, (iii) the District had committed procedural violations, including unlawfully removing J.G. from his public school and his Special Education Placement and (iv) further evaluation of J.G. was necessary.

30.     In addition, on January 13, 2016, Plaintiff filed a Motion for a Stay Put Order pursuant to 20 U.S.C. § 1415(j) and 34 CFR §300.518, seeking to enforce J.G.'s right to attend his special education program. However, the District continued to refuse to allow J.G. to return to McCarthy on several occasions, stating that the J.G's public elementary school did not have the appropriate services for J.G.

31.     As of January 20, 2016, the District maintained its position and did not allow J.G. back into school.

32.     The Parties met on January 21, 2016, and the case was not resolved.

33.     On January 21, 2016, the BSEA conducted a hearing on Plaintiff's Motion for a Stay Put Order, and at the conclusion of the hearing ordered that J.G. return to McCarthy immediately. A true and accurate copy of the BSEA Hearing Officer's written ruling (the "Stay Put Order") is attached hereto as **Exhibit A**.

34.     Parent prevailed immediately after the Stay Put Hearing and the Hearing Officer Ordered Framingham to allow J.G. back into school on January 22, 2016.

35.     During the November 17, 2015 – January 22, 2016 period, the District did not mark J.G. as absent, nor did it take his attendance in violation of Mass. Gen. Laws c. 76, § 1.

36.     During the November 17, 2015 – January 22, 2016 period, Defendant did not inform Plaintiff she had the option to return J.G. to his full inclusion classroom at any time, nor did Defendant inform Plaintiff that if she were to agree to tutoring, her consent was voluntary and could be revoked at any time.

37.     During the November 17, 2015 – January 22, 2016 period, J.G. was not invited to attend school functions, and J.G. believed that he had been kicked out of school and was not welcome there.

38.     On February 23, 2016, Parent filed a counterclaim at the BSEA, and on February 26, 2016, Plaintiff filed an Amended Response to the District's Hearing Request.  On March 1, 2016, Plaintiff filed a Second Amended Response and Request for Affirmative Relief.  In Plaintiff's Second Amended Response, she sought affirmative relief for the exclusion of J.G. from McCarthy.

39.     On March 1, 2016, after the District filed a Response to Plaintiff's Amended Response, Plaintiff filed a Second Amended Response in which she clarified that she was seeking compensatory services for J.G.'s exclusion from school for thirty-four days between November 17, 2015 and January 22, 2016.

40.     On March 10, 2016, the BSEA Hearing Officer held a hearing to establish a timeline for the filing of pre-hearing motions and oppositions thereto, and on March 17, 2016, the Hearing Officer issued an Order setting forth the deadlines discussed at the March 10, 2016 hearing.

41.     On March 18, 2016, the District withdrew its Hearing Request.

42.     On March 22, 2016, the District filed a Motion to Dismiss, and Plaintiff filed an Opposition to the District's Motion to Dismiss.  The District later withdrew its Motion to Dismiss.

43.     On March 22, 2016, Plaintiff filed a Motion for Summary Judgment.

44.     On April 29, 2016, the District filed an Opposition to Plaintiff's Motion for Summary Judgment, and the District filed its own Cross-Motion for Summary Judgment.

45.     On May 6, 2016, Plaintiff filed an Opposition to the District's Cross-Motion for Summary Judgment.

46.     On May 19, 2016, the Hearing Officer heard oral argument on the parties' respective Motions for Summary Judgment.

47.     On June 6, 2016, the Hearing Officer issued her decision on the Motion and Cross-Motion for Summary Judgment (the "June 6 Decision"), allowing in part and denying in part Plaintiff's Motion for Summary Judgment, and denying the District's Cross-Motion for Summary Judgment.  A true and accurate copy of the June 6 Decision is attached hereto as **Exhibit B**.

48.     The June 6 Decision held that the home tutoring constituted a change in placement occurred with respect to J.G., and that as a matter of law, such a change in placement could only be proper in one of three ways: (i) pursuant to an appropriate and procedurally adequate Team process and drafting of an IEP, (ii) pursuant to a disciplinary infraction where appropriate due process was provided, and (iii) an agreement between Plaintiff and the District for alternative placement.  Ex. B, p. 12.

8

49.     The June 6 Decision held that J.G.'s change in placement was not accomplished through a procedurally adequate Team process. *Id.*, p. 14.

50.     The June 6 Decision held that to the extent J.G.'s change in placement may have been a constructive suspension, it was not accomplished through a procedurally adequate disciplinary process. *Id.*, p. 16.

51.     The June 6 Decision narrowed the issue to be determined at the Hearing as follows:

The only issue for the Hearing is as follows:

Whether the conversation between Parent and Ms. Shor on November 17, 2015 together with the tutoring form the District generated and Parent signed on November 23, 2015, constituted an "agreement otherwise" allowing for an interim change in placement pending the resolution of a dispute over Quin's placement and services.

Should I find the answer to the question above is no, then I delegate to the Team the responsibility of determining the amount and nature of services required to compensate for the approximately thirty-four days of school [J.G.] missed, taking into account the ten hours of tutoring per week that was provided.

*Id.*, p. 18.

52.     On June 8, 2016, the Hearing Officer held a day long hearing and heard testimony from four witnesses (the "Hearing"). At the conclusion of the Hearing, the Hearing Officer permitted both parties to submit closing arguments in the form of legal memoranda.

53.     Both parties submitted their written closing arguments on or about June 17, 2016.

54.     On July 22, 2016, the Hearing Officer rendered her decision and order (the "Order"). A true and accurate copy of the Order is attached hereto as **Exhibit C**.

55.     In her Order, the Hearing Officer made findings of fact, including, but not limited to the following facts:

- Ms. Shor did not expressly communicate to Plaintiff that other options (beyond home tutoring) existed or that Plaintiff had the right to reject the proposal, or what would happen if the proposal were rejected (Finding of Fact No. 10);

- No details of what the tutoring would consist of were provided to Plaintiff during Ms. Shor's phone call with Plaintiff, nor had they been determined at that time (Finding of Fact No. 11);

- Parent believed she that the only choice she had was to put J.G. in tutoring (Finding of Fact No. 15), and her acceptance of home tutoring was done under the impression that she had no other choice (Finding of Fact No. 12);

- Nobody from the District told Plaintiff that she had the option to return J.G. to his full inclusion classroom at any time, nor was Plaintiff informed that if she were to agree to tutoring, her consent was voluntary and could be revoked at any time (Finding of Fact No. 16);

- The District stopped taking J.G.'s attendance as of November 17, 2015, the District failed to call Plaintiff to find out why J.G. was not in school, and the District was unable to explain why his attendance was not taken until he returned to McCarthy on January 22, 2016 (Finding of Fact No. 19);

- The District refused to permit J.G. back into school notwithstanding Plaintiff's prior request that he return to McCarthy and his explicit exercise of his stay put rights on January 7, 2016 (Findings of Fact Nos. 25, 31-34).

- At no point between November 17, 2015 to January 22, 2016 did anyone from the District inform Plaintiff that J.G. could return to McCarthy (Finding of Fact No. 35).

56.     The Order ultimately held that J.G.'s change in placement was not "otherwise agreed upon" between the District and Plaintiff, and the Hearing Officer ordered that J.G. was entitled to compensatory services for thirty-four school days.

## COUNT I
### (Attorney's Fees Pursuant to 20 U.S.C. § 1415(i)(3)(B))

57.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-56 as though fully set forth herein.

58.     The Stay Put Order, the June 6 Decision, the Order and the proceedings before the BSEA (collectively the "Proceedings") materially changed the legal relationship between the parties, by ordering (i) the District to allow J.G. back to McCarthy on January 22, 2016, and (ii) the District to provide compensatory services to J.G. for thirty-four school days.

59.     As a direct result of the Proceedings, Plaintiff obtained actual relief on significant material claims, deriving benefits which the District had previously denied and which Plaintiff would not have obtained but for the litigation of the issues before the BSEA.

60.     The relief obtained by Plaintiff was not merely technical or "*de minimus*" in nature.

61.     Based upon the foregoing, the Plaintiff was the prevailing party in an action brought under the IDEA, 20 U.S.C. § 1415(i)(3)(B), and is thus entitled to an award of reasonable attorney's fees and costs.

62.     Counsel for Plaintiff presented Defendant on August 3, 2016 with an invoice for the reasonable legal fees and costs incurred in this matter as of July 26, 2016 a copy of an updated invoice is attached as **Exhibit D** and incorporated herein by reference.  An affidavit attesting to the reasonableness of the attorneys' fees is attached hereto as **Exhibit E** and incorporated herein by reference.

11

63.     Despite due demand, Defendant has refused to pay any attorneys' fees and

costs.

WHEREFORE, Plaintiff requests that this Court enter an order:

(i)      awarding the reasonable attorneys' fees and costs incurred by

         Plaintiff's counsel before the BSEA <u>and</u> in this proceeding pursuant to

         the IDEA, 20 U.S.C. § 1415(i)(3)(B); and

(ii)     granting such other and further relief as the Court deems just and

         proper.

Dated: August 17, 2016                    Respectfully submitted,

                                          AMANDA COTE, individually and on
                                          behalf of J. G., by her counsel,


                                          /s/ Ellen Crowley-Koltun
                                          Ellen Crowley-Koltun (BBO# 669556)
                                          Metro West Legal Services
                                          63 Fountain Street, Suite 304
                                          Framingham, MA 01702
                                          Direct Line: (508) 371-4029
                                          ecrowleykoltun@mwlegal.org