# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br><br>AMANDA COTE, individually and on behalf )<br>of J.G. as his Mother and Next Friend, )<br> )<br>     Plaintiff, )<br> )<br>v. )<br> )<br>FRAMINGHAM SCHOOL COMMITTEE, )<br> )<br>     Defendant. )<br>_____ ) | Civil Action No. |

**AFFIDAVIT OF ELLEN CROWLEY-KOLTUN IN SUPPORT**
**OF PLAINTIFF'S COMPLAINT FOR ATTORNEY'S FEES**

I, Ellen Crowley-Koltun, upon oath do depose and state as follows:

1.       I have been counsel to the plaintiff Amanda Cote ("Plaintiff") since

December, 2015, and submit this affidavit in support of Plaintiff's Complaint for attorney's

fees.  I have personal knowledge of the facts set forth herein.

2.       I am a 2007 graduate of New England School of Law, and was admitted to

the Massachusetts Bar in November, 2007.

3.       I have worked as an attorney handling special education matters at Metro

West Legal Services ("Metro West"), located at 63 Fountain Street, Suite 304,

Framingham, Massachusetts, since November 19, 2012 and worked at several law firms

prior to my time at Metro West.

4.       I have substantial experience in child welfare and special education issues

pertaining to children.

5.     Metro West provides free civil legal aid to low-income individuals who cannot afford legal representation, such as Plaintiff in this matter. The mission of Metro West is to provide legal advocacy to protect and advance the rights of the poor, elderly, disabled, and other disenfranchised people in its service area.

6.     Metro West receives funding from public and private sources including government agencies, law firms, corporations, foundations and individual donors, with its primary source of funding coming from the Massachusetts Legal Assistance Corporation (MLAC), a nonprofit corporation established by the State Legislature in 1983 to ensure that low-income people with non-criminal legal problems would have access to legal information, advice and representation.

7.     For approximately the last 4 years, my legal practice has been concentrated on providing legal advice to clients regarding special education issues. Since beginning at Metro West, I have successfully litigated claims before the Bureau of Special Education Appeals (the "BSEA"), and worked with numerous parents, children, and school districts in matters ranging from disciplinary hearings to the development of individualized education programs.

8.     This affidavit is submitted to explain and support the time I expended as counsel for Plaintiff since December, 2015, most of which was spent in the matter determined before the BSEA.

9.     Based upon my experience, and my skill in the field of special education specifically, the rate for my legal services as prescribed by the Massachusetts Law Reform Institute is $229.00 per hour, and is fair, reasonable, and reflective of rates

prevailing in this legal community for the kind and quality of services furnished to
Plaintiff.

10.     To date I have spent 179.7 hours representing Plaintiff in this matter,
which hours are specifically itemized in increments of 1/10th of an hour in the attached
legal fee description, which sets forth the date of service, the service performed, and the
amount of time spent for the service performed as set forth in Exhibit D to the Complaint.

11.     The number of hours is reasonable, considering the complex and
protracted nature of the proceedings before the BSEA, which involved, but were not
limited to, the following matters: (i) attending meetings with the Defendant school
district, (ii) preparing and arguing Plaintiff's successful stay put motion through which
Plaintiff's child returned to the school from which he was excluded for over two months,
(iii) defending against Defendant's unsuccessful motion to dismiss the proceeding before
the BSEA, which included a legal question of first impression, (iv) defending and arguing
against Defendant's unsuccessful motion for summary judgment, (v) preparing and
arguing Plaintiff's successful motion for summary judgment (allowed in part and denied
in part), and (vi) attending, arguing, and ultimately succeeding in the hearing of this
matter before the BSEA, which hearing involved direct examination of the Plaintiff,
cross-examination of Defendant's witnesses, and drafting closing arguments, which the
Defendant requested be submitted in a written, rather than oral format.

12.     If it were not for the work of this attorney, the child who is the subject of
this petition would not have returned to his public elementary school and his special
education placement.

13.     If it were not for the work of this attorney, the child who is the subject of this petition would not have received compensatory educational services for thirty-four days in which he was deprived his special education services and his attendance at his public elementary school.

14.     The total amount of my legal fees to date relating to my representation of Plaintiff is $41,151.30

15.     Accordingly, Plaintiff seeks a total recovery of $41,151.30

Signed under the pains and penalties of perjury this 17th day of August, 2016.


/s/ Ellen Crowley-Koltun
Ellen Crowley-Koltun